UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAKHRUKH HAMIDUVA,

Petitioner,

v.

BARACK H. OBAMA, *et al.*,

Respondents.

Civil Action No. 08-1221 (CKK)

**REDACTED MEMORANDUM OPINION**
(September 3, 2015)

Presently before the Court are Respondents' [149] Motion to Deem Protected Information Highlighted in the Accompanying Proposed Public Factual Return for ISN 022, and Petitioner's [152] Response to the Government's Motion to Deem Protected Information Highlighted in the Accompanying Proposed Public Factual Return for ISN 22 and Unopposed Cross-Motion to Keep Factual Return for ISN 22 Under Seal. Respondents seek to have certain portions of the factual returns, originally filed under seal on September 30, 2011, deemed protected, and Petitioner seeks to have the entirety of the factual returns placed under seal. Both motions are unopposed by the other party.[1] Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court GRANTS Petitioner's [152] Unopposed Cross-Motion to Keep Factual

---

[1] While Respondents indicate in their motion that the request is opposed by Petitioner, *see* Resps.' Mot. at 2, Petitioner indicates in his response that he does not oppose Respondents' Motion, *see* Petr.'s Resp. & Cross-Mot. at 1.

[2] Respondents' Motion to Deem Protected Information Highlighted in the Accompanying Proposed Public Factual Return for ISN 022 ("Resps.' Mot."), ECF No. [149]; Petitioner's Response to the Government's Motion to Deem Protected Information Highlighted in the Accompanying Proposed Public Factual Return for ISN 22 and Unopposed Cross-Motion to Keep Factual Return for ISN 22 Under Seal ("Petr.'s Resp. & Cross-Mot."), ECF No. [152].

Return for ISN 22 Under Seal, and DENIES AS MOOT Respondents' [149] Motion to Deem Protected Information Highlighted in the Accompanying Proposed Public Factual Return for ISN 022 for the reasons set forth below.

## DISCUSSION

### A. Petitioner's Unopposed Cross-Motion to Keep Factual Return for ISN 22 Under Seal

Petitioner Shakhrukh Hamiduva requests that the entirety of the factual returns in this case remain under seal. "[T]he decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard,* 650 F.2d 293, 316-17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns., Inc.,* 435 U.S. 589, 599 (1978)). In this Circuit, "the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr. Inc.,* 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.,* 951 F.2d 1268, 1277 (D.C. Cir. 1991)). In *Hubbard,* the D.C. Circuit identified six factors that might act to overcome this presumption:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents at issue; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard,* 650 F.2d at 317-22). The Court will examine each factor in turn.

1. Application of the *Hubbard* Factors

a.  *Need for Public Access*

Public access to judicial records is "fundamental to a democratic state" and "serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Hubbard,* 650 F.2d at 315 & n.79; *see also Nixon,* 435 U.S. at 597 (recognizing a common law right to view court documents).  Public access may be denied, however, "to protect trade secrets, or the privacy and reputation of victims of crimes, as well as to guard against risks to national security interests, and to minimize the danger of an unfair trial by adverse publicity." *Hubbard*, 650 F.2d at 315-16 (internal citations omitted).  "The presumption in favor of public access to judicial records is strongest when 'the documents at issue [are] . . . specifically referred to in a trial judge's public decision.'" *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 148 (D.D.C. 2010) (quoting *Hubbard*, 650 F.2d at 318).

Here, Petitioner seeks to seal the factual returns in this case.  Judge Thomas F. Hogan explained: "Public interest in Guantanamo Bay generally and these proceedings specifically has been unwavering. The public's understanding of the proceedings, however, is incomplete without the factual returns. Publicly disclosing the factual returns would enlighten the citizenry and improve perceptions of the proceedings' fairness." *In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 11 (D.D.C. 2009); *see also* Mem. Op. (Jun. 1, 2009), at 15, ECF No. [103].  As such, it appears in general, that the need for public access to the factual returns in habeas proceedings brought by Guantanamo detainees is strong.  However, the Court must also consider the particular facts of this case.  In the instant action, the Court never made a determination based on the factual returns because Petitioner resettled in a foreign country prior to this Court reviewing the Petition for Writ of Habeas Corpus on the merits.  Indeed, on April 1, 2010, Judge Hogan entered an order dismissing Petitioner's habeas petition as moot in light of the fact that he was no longer detained

at Guantanamo Bay.  Order (Apr. 1, 2010), ECF No. [147].  Petitioner contends that because he was resettled prior to the Court "weigh[ing] the sufficiency of the Government's factual allegations against him, the public has little need to examine those factual allegations (particularly where, as here, Petitioner has not had an opportunity to rebut them)."  Petr.'s Resp. & Cross-Mot. at 5.  Here, the Court finds that while the public has a general interest in this proceeding, this factor weighs towards granting the request to seal because the information contained in the factual returns never formed the basis of a determination on the merits nor did the Petitioner have an opportunity to rebut the information therein.

      b.  *Extent of Previous Public Access*

Previous public access to the sealed filings "is a factor which may weigh in favor of subsequent [public] access."  *Hubbard*, 650 F.2d at 318.  In the instant case, the public did not have prior access to the factual returns because they were filed under seal in accordance with the procedures set forth by Judge Hogan in this litigation.  Accordingly, this factor is neutral, neither favoring nor disfavoring lifting the seal.  *See United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 68 (D.D.C. 2011).

      c.  *Objection to Disclosure*

"[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  *Zapp¸* 746 F. Supp. 2d at 149.  Here, Petitioner objects to the disclosure of the factual returns, and Respondents consent to Petitioner's request that it remain under seal.  As such, the Court finds that this factor weighs in favor of maintaining the seal given that all parties in the instant action are in support of non-disclosure of the factual returns.

      d.  *Strength of Interests Asserted*

The fourth *Hubbard* factor requires the Court to "assess the strength of any property or privacy interests voiced by the moving party." *Durham*, 818 F. Supp. 2d at 68.  In *Hubbard*, the D.C. Circuit considered "the objecting party's privacy interest *in the particular documents . . .* rather than the effect that unsealing the documents would have on the party's property and privacy interests generally . . . ." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (emphasis added).  As such, "under this factor, the party seeking to avoid disclosure must identify specific privacy interests in the documents at issue." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 94 (D.D.C. 2014).

 For all these reasons, the Court concludes that the fourth *Hubbard* factor weighs in favor of maintaining the seal on the factual returns.

e.  *Possibility of Prejudice to Those Opposing Disclosure*

The possibility of prejudice refers to "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *Friedman,* 672 F. Supp. 2d at 60.  Petitioner indicates that "[f]or the same important reasons the 'privacy interest' factor weighs heavily in Petitioner's favor, so too does the 'prejudice' factor weigh in favor of keeping the return under seal."  Petr.'s Resp. & Cross-Mot. at 7.  Petitioner argues that the Court must consider the

third, fourth, and fifth *Hubbard* factor as interrelated to assess the strength of the property and privacy interests involved. *See id.* at 6-7 (citing *Upshaw v. United States*, 754 F. Supp. 2d 24, 29 (D.D.C. 2010)). As discussed *supra*, the Court agrees that Petitioner has strong privacy interests in non-disclosure of the factual returns. However, under this factor in the analysis, the relevant inquiry is whether there is the possibility of prejudice in future litigation to Petitioner. Here, Petitioner does not allege that the disclosure of the documents would have any effect on future litigation. As such, the Court finds that this factor is neutral, not weighing either for or against disclosure.

### f. *Purposes For Which Documents Were Introduced*

Finally, the Court must consider the purpose for which the documents in question were introduced. The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes. *See Durham*, 818 F. Supp. 2d at 69 (explaining that "there is less of a pressing concern to unseal pleadings if they are not relevant to the claims," for example, they were not used at trial or relied upon by the trial judge in his decision). This factor "focuses on the [Respondents'] purpose of filing his pleadings and nothing further." *Id.* The factual returns were filed by Respondents as proof that Petitioner was lawfully detained. However, the Court never based any decision on the information provided in the factual returns because this matter was dismissed as moot following Petitioner's release from detention at Guantanamo Bay. Accordingly, while the factual returns were filed by Respondents in order to support their position that the habeas petition should be denied, the information was never actually considered by the Court or rebutted by Petitioner. As such, the Court finds that this factor weighs in favor of maintaining the factual returns under seal.

2. Conclusion

After weighing the six *Hubbard* factors, the Court concludes that four of the six factors support granting Petitioner's unopposed request to seal the factual returns in the instant action. Moreover, the two factors that do not weigh in favor of non-disclosure – extent of previous public access and possibility of prejudice – are neutral. As such, after considering all the relevant factors and the particular facts of the instant action, the Court finds that Petitioner has overcome the strong presumption in favor of public access to the factual returns. In an exercise of its discretion, the Court shall grant Petitioner's request to seal the factual returns in their entirety.

### B. Respondents' Motion to Deem Protected Information Highlighted in the Accompanying Proposed Factual Return for ISN 022

The Court shall briefly address Respondents' Motion to Deem Protected Information Highlighted in the Accompanying Proposed Factual Return for ISN 022, which is unopposed by Petitioner. Judge Hogan previously held that the six categories of protected information relied upon by Respondents in the present motion provide a valid basis for withholding sensitive but unclassified information from the public under the framework established by the United States Court of Appeals for the District of Columbia Circuit in *Parhat v. Gates*, 532 F.3d 834 (D.C. Cir. 2008). *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442, ECF No. [1981] (D.D.C. May 12, 2011). In addition to relying on these six categories, the Respondents propose categorizing certain types of medical information as protected. Resps.' Mot. at 4-6. The Court notes that it has reviewed the Proposed Public Factual Return and agrees with the parties that the information highlighted in green or gray in the Proposed Public Factual Return properly falls within the six categories of protected information previously found to establish a valid basis for withholding, or within the category of medical information proffered by Respondents, and is therefore protected pursuant to paragraphs 10 and 34 of the Protective Order governing this proceeding. However,

given that the Court has determined that the entirety of factual returns shall remain under seal, the Respondents' request to deem certain information within those same documents protected is now moot. As such, the Court shall deny Respondents' motion as moot.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's [152] Unopposed Cross-Motion to Keep Factual Return for ISN 22 Under Seal, and DENIES AS MOOT Respondents' [149] Motion to Deem Protected Information Highlighted in the Accompanying Proposed Public Factual Return for ISN 022. Accordingly, the Factual Return in this matter shall be remain UNDER SEAL.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge